PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM L. GRANTZ, ) | |
| ) | CASE NO. 5:16CV2033 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF No. 19] |

An Administrative Law Judge ("ALJ") denied Plaintiff William L. Grantz's claim for Period of Disability ("POD"), Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits after a hearing. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Jonathan D. Greenberg for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report (ECF No. 18) recommending that the decision of the Commissioner be affirmed as supported by substantial evidence. Plaintiff filed an objection to the Report and Recommendation. ECF No. 19. Defendant filed a Response. ECF No. 20. For the reasons that follow, the Court overrules Plaintiff's objection, adopts the magistrate

(5:16CV2033)

judge's Report, affirms the Commissioner's decision and dismisses Plaintiff's case in its entirety, with prejudice.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, a court is required to conduct a *de novo* review of the portions of the Report to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections to the Report must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. A court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522--23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial

2

(5:16CV2033)

evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers [*sic*] can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, a court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). A court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A).

**II. Discussion**

Plaintiff states that he "objects in full, but specifically objects" to the magistrate judge's finding that the ALJ's analysis of Plaintiff's obesity was supported by substantial evidence. ECF

3

No. 19 at PageID #: 922. Plaintiff contends that the ALJ's reliance on normal examination findings was improper because he did not consider the combined effects of Plaintiff's obesity with his other impairments, pursuant to Social Security Ruling ("SSR") 02-1p. *Id.*

As a preliminary matter, Plaintiff's "objection in full" is not a proper objection. Objections to the magistrate judge's Report must be specific, not general. *Howard*, 932 F.2d at 509. Accordingly, the Court only considers Plaintiff's objection the ALJ's obesity analysis.

A claimant's obesity must be considered "in combination with other impairments, at all stages of the sequential evaluation." *Shilo v. Comm'r of Soc. Sec.*, 600 F. App'x 956, 958 (6th Cir. 2015) (quoting *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)). Social Security Ruling 02-01p "does not mandate a particular mode of analysis of obesity." *Bledsoe v. Barnhart*, 165 F. App'x 408, 411–12 (6th Cir. 2006). The Ruling "only states that obesity, in combination with other impairments, 'may' increase the severity of the other limitations." *Id.*

In this case, the ALJ properly considered Plaintiff's obesity at each step to which it was relevant in the sequential evaluation. As Plaintiff had not been engaged in substantial gainful activity, his obesity was not relevant at the first step. ECF No. 13 at PageID #: 77. At Step Two, the ALJ noted that obesity was one of Plaintiff's severe impairments. *Id.* at PageID #: 77–78. At Step Three, the ALJ expressly considered the effect of Plaintiff's obesity on his other impairments in determining whether he met or equaled a listing, concluding that "because the physical examinations contained in the record were mostly unremarkable, I do not find that the claimant's obesity either singularly or in combination with his other medically determinable severe impairments results in limitations greater than those assessed in this opinion." *Id.* at

(5:16CV2033)

PageID #: 78–79. The ALJ also addressed Plaintiff's obesity at Step Four, noting that he weighed 294 pounds and had a BMI in excess of 38, weighed 291 pounds in March 2014 and weighed 297 pounds in April of 2015. *Id.* at PageID #: 79–82. The ALJ afforded "some weight" to the opinion of Dr. Linda Hall, who considered Plaintiff's obesity's impact on his complaint of shortness of breath. *Id.* at PageID #: 81, 246–48. Finally, the ALJ considered the contributory effects of Plaintiff's obesity at Step Five, finding that "no direct medical evidence indicates that the existence of this impairments causes the claimant excess fatigue or otherwise unduly restricts his ability to move about freely within the workplace." *Id.* at PageID #: 82–83.

There is substantial evidence in the record to support the ALJ's finding. Plaintiff's physical examination findings were largely normal. *See, e.g.*, ECF No. 13 at PageID #: 526, 529–530, 555, 620, 622, 745, 751 (doctors' findings, including normal gait and station; no cyanosis, variscosities, or edema in his extremities; normal pulses; normal chest and lung findings; and normal muscle strength). Plaintiff argues otherwise, citing his complaints to his doctors, his testimony, and that some doctors attributed his symptoms to his obesity. ECF No. 19 at PageID #: 922. This evidence is not sufficient to overcome the deference afforded to an ALJ's decision, which must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen*, 800 F.2d at 545. Furthermore, Plaintiff makes no showing that a doctor recommended more severe restrictions than those assessed by the ALJ.

Because the ALJ's decision was supported by substantial evidence, the Court overrules Plaintiff's objection.

(5:16CV2033)

## III.  Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objection, adopts the magistrate judge's Report, affirms the Commissioner's decision and dismisses Plaintiff's case in its entirety, with prejudice.

IT IS SO ORDERED.

 June 30, 2017                                     */s/ Benita Y. Pearson*
Date                                                     Benita Y. Pearson
                                                           United States District Judge